UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DASHAWNA HOLLINGER,                          Case No.: 6:11-cv-59-Orl-19GJK
BLANCHE PAYLOR, and
ARLENE ROSARIO

       Plaintiffs,

v.

HARTFORD FIRE INSURANCE
GROUP, a Foreign for Profit
Corporation

       Defendant.

_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs, DASHAWNA HOLLINGER, BLANCHE PAYLOR, and ARLENE ROSARIO, ("Plaintiffs"), by and through their undersigned counsel, and sue Defendant, HARFORD FIRE INSURANCE COMPANY, INC., a Florida Profit Corporation ("Defendant" or "Hartford"), and in support state as follows:

**Jurisdiction and Venue**

1.    This is an action for damages by Plaintiffs, on behalf of themselves and other similarly situated employees, against their former employer for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1337.  This is also an action by Plaintiffs against Defendant for violations of the Family Medical Leave Act.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2601, et seq.

1

2.	Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida.  Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## Parties and Factual Allegations

3.	Plaintiff, DAWSHANA HOLLINGER was employed by Defendant, from approximately March 2006 until in or around November 2009, at its business located, among other locations, in Orange County, Florida. At the time of Plaintiff Hollinger's separation of employment from Defendant, she was employed in the position of Short Term Disability Analyst II/III.

4.	Plaintiff, BLANCHE PAYLOR was employed by Defendant, from approximately February 2004 until in or around September 2009, at its business located, among other locations, in Orange County, Florida. At the time of Plaintiff Paylor's separation of employment from Defendant, she was employed in the position of Claims Examiner III/Ability Analyst III.

5.	Plaintiff, ARLENE ROSARIO, was employed by Defendant, from approximately March 2006 until in or around August 2009, at its business located, among other locations, in Orange County, Florida. At the time of Plaintiff Rosario's separation of employment from Defendant, she was employed in the position of Long Term Disability Analyst III/Claims Examiner III.

6.	Defendant, HARTFORD FIRE INSURANCE COMPANY, INC., is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange County, Florida.  Defendant is an employer as defined by 29 U.S.C. § 203(d).  Defendant is subject to the provisions of 29 U.S.C. § 216, where Plaintiffs were employed.  Also, at all relevant times

hereto, Defendant employed more than fifty (50) employees and was an employer under the Family Medical Leave Act ("FMLA").

7.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s) (1).

8.     Plaintiffs were eligible for leave under the Family Medical Leave Act ("FMLA") having worked for Defendant for at least 1,250 hours for the previous 12 months.  Plaintiffs were also non-exempt employees under the Fair Labor Standards Act.

9.     On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week  but were not compensated for all hours worked over forty (40)  hours at a rate not less than one and one-half times their regular rate of pay, and/or were misclassified and not properly compensated for hours worked in excess of forty (40) hours per week.

10.    Upon information and belief, Defendant employs thousands of Analysts now and during all relevant time periods in the United States.

11.    Specifically, upon information and belief, Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

        a.     Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and

        b.     Failing to maintain accurate records of employees' time.

12.    Upon information and belief, other employees who worked for Defendant throughout the United States and who are FLSA Collective Plaintiffs and/or members of the

classes (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of the Defendant.

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time and half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendant was aware that the FLSA Collective Plaintiffs were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     In this pleading, similarly situated means all persons who have been, are, or in the future will be employed by the Defendant in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

    a.     Short Term Disability Analyst I

    b.     Short Term Disability Analyst II

    c.     Short Term Disability Analyst III

    d.     Long Term Disability Analyst I

    e.     Long Term Disability Analyst II

    f.     Long Term Disability Analyst III

    g.     Claims Examiner I

    h.     Claims Examiner II

i.      Claims Examiner III

and who were employed during the statute of limitations period for the particular claim for relief, including the time during which the statute of limitations was or may have been tolled or suspended.  The above job positions are referred to herein as "Covered Positions."

15.     Count I of this Complaint is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to the Defendant.

16.     In addition, during their employment with Defendant, Plaintiffs qualified for leave under the Family Medical Leave Act, and took and/or attempted to take leave under the Family Medical Leave Act.

17.     However, Defendant interfered and/or denied with Plaintiffs' leave under the Family Medical Leave Act by reprimanding, disciplining, terminating or similar, Plaintiffs while Plaintiffs were on leave, and before and/or after they took leave under the Family Medical Leave Act.

18.     Defendant also retaliated against Plaintiffs for taking and/or attempting to take leave under the Family Medical Leave Act.

19.     Plaintiffs have exhausted and/or waived all conditions precedent to this action.

20.     Plaintiffs have sustained substantial losses from Defendant's failure to pay them overtime compensation.

21.     Defendant's actions caused Plaintiffs to suffer damages in the form of lost wages, lost employment benefits, and other related losses.  They will continue to suffer said damages in the future.

22.     Plaintiffs have retained the LAW OFFICES OF MARY E. LYTLE to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

23.     Plaintiffs and other FLSA Collective Plaintiffs re-allege and incorporate by reference paragraphs 1-22.

24.     Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendant has employed, and/or continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.  At all relevant times, the Defendant has had business/gross sales in excess of $500,000.

25.     Throughout the statute of limitations period covered by these claims, Plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

26.     At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and

willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

27.     At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail to pay Plaintiff and FLSA Collective Plaintiffs at the required overtime rates, time and half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

28.     Plaintiff and the FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

29.     Plaintiffs have retained The Law Offices of Mary E. Lytle to represent them in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.


**WHEREFORE,** Plaintiffs, on behalf of themselves and all other FLSA Collective Plaintiffs, demand judgment against Defendant for the following:

A.  Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

B.  Designation of Plaintiffs as representatives of the FLSA Collective Action;

C.  Unpaid overtime found to be due and owing;

D.  An additional amount equal to unpaid overtime found to be due and owing in liquidated damages;

E.  Prejudgment interest;

F.  A reasonable attorney's fee and costs; and,

G.  Such other relief as the Court finds just and equitable.

**COUNT II**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**Denial/Interference**

30.     This is an action for damages for violation of the Family and Medical Leave Act, specifically 29 U.S.C. Section 2601, et. seq.

31.     Plaintiffs repeat and incorporate by reference, paragraphs 1 through 22 above, as though fully set forth herein.

32.     Plaintiffs were entitled to leave under the Family and Medical Leave Act.

33.     Defendant violated the Family and Medical Leave Act by interfering with and/or denying Plaintiffs' leave under the act and by ultimately terminating Plaintiffs.

34.     As a result of Defendant's actions, Plaintiffs have sustained significant damages in the form of lost wages, lost employment benefits, and other related losses and will continue to suffer said damages.

35.     Plaintiffs have retained The Law Offices of Mary E. Lytle to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

WHEREFORE, Plaintiffs request a trial by jury on all issues triable by a jury and prays that judgment be entered in their favor and against Defendant as follows:

A.     That Plaintiffs be awarded general and compensatory damages, including, but not limited to, compensation for lost wages, benefits, other remuneration, and any other compensatory damages allowable at law, including back pay and front pay, in an amount according to proof at trial;

B.     That Plaintiffs be awarded liquidated damages;

C.     That Plaintiffs be awarded reasonable attorney's fees and costs of suit;

D.      That Plaintiffs be awarded Prejudgment interest;

E.      That Plaintiffs be awarded such other and further relief as the Court deems just and proper.


## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### Retaliation

36.     This is an action for damages for retaliation under the Family and Medical Leave Act, specifically 29 U.S.C. § 2615, et seq.

37.     Plaintiffs repeat and incorporate by reference Paragraphs 1 through 22 above, as though fully set forth herein.

38.     Defendant has violated the FMLA by retaliating against Plaintiffs for Plaintiffs' exercising and/or attempting to exercise their rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq.

39.     All conditions precedent to this action have been met or waived.

40.     As a result of the retaliatory actions of Defendant, Plaintiffs have sustained significant damages in the form of lost wages, lost employment benefits, and other related losses, and they will continue to sustain said damages in the future.

41.     Plaintiffs have retained The Law Offices of Mary E. Lytle to represent them in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.


WHEREFORE, Plaintiffs requests a trial by jury on all issues triable by a jury and prays that judgment be entered in their favor and against Defendant as follows:

A.      That Plaintiffs be awarded general and compensatory damages, including, but not limited to, compensation for lost wages, benefits, other remuneration, and any other compensatory damages allowable at law, including back pay and front pay, in an amount according to proof at trial;

B.      That Plaintiffs be awarded liquidated damages;

C.      That Plaintiffs be awarded reasonable attorney's fees and costs of suit;

D.      That Plaintiffs be awarded Prejudgment interest;

E.      That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRAIL

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted this 5th day of October, 2011.

> */s/ Mary E. Lytle*
> **Mary E. Lytle, Esq.**
> Florida Bar No. 0007950
> **Law Offices of Mary E. Lytle**
> 549 North Wymore Road
> Suite 207
> Maitland, FL 32751
> Phone: 407-622-6544
> Fax:    407-622-6545
> Email: mlytle@marylytle.biz
> Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that October 5, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will forward notices of electronic filing to: **Donald C. Works, II, Esq**., **and Jessica A. DeBono, Esq**, JACKSON LEWIS LLP, 390 North Orange Avenue, Suite 1285, Post Office Box 3389, Orlando, Florida 32802-3389.

> */s/ Mary E. Lytle*
> **Mary E. Lytle, Esq.**